**Spencer BALL, Plaintiff and Respondent,**

v.

**John VOLKEN, individually and dba Westland Food Packers of America, Inc., and Westland Food Packers of America, Inc., a purported corporation, Defendants and Appellants.**

No. 19821.

Supreme Court of Utah.

Aug. 25, 1987.

David Eccles Hardy and Lyndon L. Ricks, Salt Lake City, for defendants and appellants.

James R. Brown, Salt Lake City, for plaintiff and respondent.

DURHAM, Justice:

Plaintiff filed an action pursuant to Utah Code Ann. § 61-1-22(1)(b) (1986) for re-

scission of a franchise agreement. The dispositive issue on appeal is whether the trial court properly held the agreement to be an "investment contract" within the definition of a security contained in Utah Code Ann. § 61-1-13(17) (1986). We affirm the trial court's judgment and remand for a determination of reasonable attorney fees generated in defending this appeal.

In May 1980, plaintiff Spencer Ball (Ball) purchased a district license agreement (agreement) from defendant Westland Food Packers of America, Inc. (Westland). Defendant John Volken (Volken) was president of Westland at the time of the transaction. The agreement gave Ball the right to sell franchises for area sales offices. Ball was to receive income from the sale of the franchises and from a division of the profits from bulk sales of frozen food to the public. Ball could not, however, make any food sales directly to the public. Ball alleges that Westland also stopped him from selling any franchises because of his inexperience, informing him that someone more "sophisticated" would handle the sales.

Pursuant to the agreement, Westland had the authority to hire an outside manager if Ball failed to conform to the policies and procedures in the operations manual, the power to terminate the agreement upon ten days' written notice if Ball defaulted, and the obligation to provide training in conducting the business. In addition, all sales of franchises for area sales offices had to receive written approval from Westland.

Westland's business failed in the latter part of 1980 without ever realizing a profit. Ball sued, seeking rescission of the agreement and return of the amounts paid to Westland. The trial court found that the agreement was an investment contract and predicated liability on the Utah Uniform Securities Act. The trial court granted the relief sought by Ball and held Westland and Volken jointly and severally liable. The trial court held Volken liable pursuant to Utah Code Ann. § 61-1-22(2) (1986) because he was an officer of Westland at the time Ball purchased his franchise.

We discussed the characteristics of an investment contract in *Payable Accounting Corp. v. McKinley*, 667 P.2d 15 (Utah 1983), where we adopted the United States Supreme Court's definition:

"[A]n investment contract ... means [1] a contract, transaction or scheme [2] whereby a person invests his money in a common enterprise and [3] is led to expect profits solely from the efforts of the promoter or a third party...."

*Id.* at 18 (quoting *S.E.C. v. W.J. Howey Co.*, 328 U.S. 293, 298-99, 66 S.Ct. 1100, 1103, 90 L.Ed. 1244 (1946)). As to the third element of the *Howey* test, this Court has also adopted later federal modifications of *Howey* permitting a court to find that an investment contract exists, even though the investor must exert some effort to generate profits, where "the efforts made by the promoter are undeniably significant ones, i.e., essential managerial efforts which affect the failure or success of the business." *Id.* at 21 (citing *S.E.C. v. Glenn W. Turner Enterprises, Inc.*, 474 F.2d 476, 482 (9th Cir.), *cert. denied*, 414 U.S. 821, 94 S.Ct. 117, 38 L.Ed.2d 53 (1973)).

The contract involved in this case is an investment contract within the definition adopted in *Payable Accounting Corp.* Ball could realize profits from his investment by selling district sales office franchises and by receiving a share of the profits realized by the sale of meat to the public. The contract specifically prohibited Ball from selling meat directly to the public, reserving such sales for the district sales offices. Ball also asserted at trial that Westland prohibited him from selling district licenses because of his inexperience and informed him that Westland would take care of the sales.[1] This evidence indi-

---

1. Although Volken denied Ball's assertion, the trial judge apparently believed Ball, because he found that all profits would derive *"solely* from the efforts of others." We will not overturn a trial judge's findings of fact unless such findings are clearly erroneous. Utah R.Civ.P. 52(a). In viewing the evidence, we are not " 'left with the definite and firm conviction that a mistake has

cates that the profit-generating efforts essential to the success of the business would not come from Ball; therefore, the agreement was an investment contract.

Defendants argue that the success or failure of Ball's business depended chiefly upon his efforts; therefore, the agreement lacked an essential characteristic of an investment contract. This argument assumes, of course, that Westland did not prohibit Ball from selling licenses for district sales offices, an assumption apparently rejected by the judge. Even assuming, however, that no such prohibition occurred, the agreement would still fall within the definition of an investment contract. Although the printed contract required Ball to sell district sales office licenses, this could not account for long-term profits. Ball could sell such licenses only in a specified territory. Presumably, he could sell only a limited number in the territory; thereafter, the only source of income from his investment would be his share of profits from sales to the public. As discussed above, Ball could not sell food directly to the public, and he had to rely on the efforts of others to generate those profits. Because his efforts would generate only limited profits and he had to rely on the efforts of others to ensure the viability of his business, Ball's contract with Westland was an investment contract.

■ Our holding that the agreement is an investment contract disposes of the challenge to Volken's personal liability for the judgment. Utah Code Ann. § 61–1–22(2) (1986) expressly provides for such liability.

On appeal, Ball requests a remand for a determination and an award of attorney fees generated in defending the appeal. Section 61–1–22(1)(b) permits an award for attorney fees, and defendants do not challenge the request.

Remanded for a determination and an award of attorney fees.

HALL, C.J., HOWE and ZIMMERMAN, JJ., and GREGORY K. ORME, Court of Appeals Judge.

been committed'"; therefore, the trial judge's findings are not clearly erroneous. *State v. Walker*, 743 P.2d 191, 193 (1987) (quoting *United*

STEWART, Associate C.J., does not participate herein; ORME, Court of Appeals Judge, sat.

States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)).