**STATE of Missouri, Appellant,**

v.

**Michael C. KRAMER, Respondent.**

**No. 58399.**

Missouri Court of Appeals,
Eastern District,
Division Four.

March 5, 1991.

William L. Webster, Atty. Gen., Douglas M. Ommen, Asst. Atty. Gen., Jefferson City, for appellant.

Robert H. Wendt, St. Louis, Lawrence N. Weenick, Clayton, for respondent.

CARL R. GAERTNER, Judge.

By amended information the State of Missouri charges that defendant, Michael C. Kramer, committed three offenses of selling unregistered securities in violation of § 409.301[1] and three offenses of engaging in specified fraudulent practices in connection with the sale of securities in violation of § 409.101. In each of the six counts the securities involved are described as "investment contracts in the form of units of interest in a California general partnership known as [the named] GENERAL PARTNERSHIP." Defendant filed a motion to dismiss claiming, inter alia, that the allegations of each of the six counts of the information "fail to state an offense under either sections 409.101 or 409.301 RSMo." The basis for this contention, as gleaned from defendant's trial court memorandum in support of the motion to dismiss and from his argument before this court, is that any interest in a general partnership is not an investment contract subject to the laws of this State pertaining to the regulation of securities. On May 7, 1990, the trial court

sustained defendant's motion to dismiss for the reason that "the second amended information is insufficient to state an offense under sections 409.101 or 409.301 RSMo, in that general partnership interests are not within the scope of the Missouri Securities Act." The State appeals the order of dismissal. We have jurisdiction pursuant to §§ 547.200.2 and 547.210 authorizing an appeal by the State from an order adjudging an information insufficient. We reverse and remand.

Does the description in the present amended information of the subject matter of the transactions as sales of investment contracts in the form of units of interest in a general partnership remove the transaction from the scope of the Missouri Uniform Securities Act, Chapter 409? Our answer is: No.

Both parties direct our attention to § 409.401(1), the statutory definition of the term "security." The State relies upon the inclusion within this definition of "investment contracts." Defendant notes that although the definition includes "limited partnership interest," an interest in a general partnership is not mentioned in the statute. This, defendant argues, reflects the principle enunciated in the landmark case of *Securities & Exchange Commission v. W.J. Howey Co.*, 328 U.S. 293, 298, 66 S.Ct. 1100, 1103, 90 L.Ed. 1244 (1946) that whether or not an investment contract comes within the purview of the securities regulation is determined by "whether the scheme involves an investment of money in a common enterprise with profits to come *solely* from the efforts of others." (emphasis added). *Id.* In effect, defendant's argument is that an investment contract for an interest in an entity denominated as a general partnership and which recites the opportunity for the investor to participate in managerial decisions may never be subject to State regulation under the Securities Act.

█ "[I]n searching for the meaning and scope for the word 'security' in the Act, form should be disregarded for substance

1. All statutory references are to RSMo 1986.

and the emphasis should be on economic reality." *Tcherepnin v. Knight,* 389 U.S. 332, 336, 88 S.Ct. 548, 553, 19 L.Ed.2d 564 (1967). In *United Housing Foundation, Inc. v. Forman,* 421 U.S. 837, 851–52, 95 S.Ct. 2051, 2060, 44 L.Ed.2d 621 (1975) the Supreme Court stated, "we again must examine the substance—the economic realities of the transaction—rather than the names that may have been employed by the parties." Therefore, the *Forman* court concluded that the purchase of a residential apartment was not a security merely because denominated as the purchase of stock in a cooperative. Nor could it be considered an investment contract, because there was no reasonable expectation of profits to be derived from the entrepreneurial or managerial efforts of others. *Id.,* 421 U.S. at 851–52, 95 S.Ct. at 2060. Thus, in determining the applicability of the Securities Act, we look beyond labels and language and form to the economic realities involved in the transaction. "[E]ven interests in something called a *general* partnership may be securities when the venture, though a general partnership *de jure,* functions *de facto* like a limited partnership." L. Loss *Fundamentals of Securities Regulation* at 191 (1988).

The courts in Missouri have long recognized the need to look to substance rather than form and to examine all the circumstances surrounding the transaction in order to effectuate the purposes of securities laws.

It is recognized in Missouri, as well as generally, that the primary purpose of legislation similar to that of the Missouri Uniform Securities Act is that " * * * of protecting the buyers of securities" [citations omitted]; that the fulfillment of that statutory purpose " * * * embodies a flexible rather than a static principle, one that is capable of adaption to meet the countless and variable schemes devised by those who seek the use of the money of others on the promise of profits" [citations omitted]; that the reach of such acts " * * * does not stop with the obvious and common place. Novel, uncommon, or irregular devices, whatever they appear to be, are also reached if it be proved as a matter of fact that they were widely offered or dealt in under terms or courses of dealing which established their character in commerce as 'investment contracts,' or as any interest or instrument commonly known as a 'security,' " [citations omitted]; and, accordingly, that the courts will look to the substance and not merely to the surface form of the transaction, and will examine all of the circumstances surrounding it. [citations omitted]

*Garbo v. Hilleary Franchise Systems, Inc.,* 479 S.W.2d 491, 499 (Mo.App.1972).

In *Covert v. Cross,* 331 S.W.2d 576, 583 (Mo. banc 1960) the court held that because the facts and circumstances showed the transactions to be within the purview of the Securities Act, the mere fact that the operations were referred to as a joint adventure was immaterial. What was called an "investment partnership" was in fact an investment contract within § 409.401(1) in *Scheve v. Clark,* 596 F.Supp. 592, 595 (E.D. Mo.1984), because profits were to be derived from the efforts of the promoter of the scheme. Such cases indicate the need to look beyond the surface and to examine the substantive relationship between the investors and the promoter of the investment and the economic realities surrounding the management and operation of the endeavor in order to determine the existence of an investment contract, and thus a security, regardless of terminology.

Other jurisdictions which have adopted the Uniform Securities Act in substantially the same form as Missouri have adopted a similar approach to the question of what is an investment contract. *See Griffin v. Jackson,* 759 P.2d 839, 842 (Colo.App.1988) [fortune of investors depends upon efforts of those seeking the investment or of third parties]; *Ball v. Volken,* 741 P.2d 958, 960 (Utah 1987) [profit-generating efforts essential to success are those of promoter, not investor]; *State v. Philips,* 108 Wash.2d 627, 633, 741 P.2d 24, 29 (1987) [purchase of promissory notes is an investment contract where profits significantly depend upon sellers efforts to collect and screen borrowers]; *Activator Supply Co.,*

*Inc. v. Wurth,* 239 Kan. 610, 722 P.2d 1081, 1089 (1986) [the test is the *significance* of the managerial efforts of others rather than the investors in achieving success or failure]; *American Gold & Diamond Corp. v. Kirkpatrick,* 678 P.2d 1343, 1346 (Alaska 1984) [focus is upon the the significance of the promoter's managerial efforts affecting success or failure]; *State v. Jacobs,* 55 Or.App. 406, 637 P.2d 1377, 1381 (1981) [right of investors to approve or disapprove of sales is not a significant factor where general management rests in the hands of promoter]; *Burke v. State,* 385 So.2d 643, 652 (Ala.Cr.App.1979) [even though investor was required to perform some duties, test is whether the efforts made by others are the undeniably significant ones].

This flexible approach, looking to substance rather than form, to economic reality rather than terminology, is predicated upon a recognition of the fact that the ingenuity of those who resort to "get rich schemes" to fleece the gullible public is boundless. No hard and fast rule or rigid definition of "security" or "investment contract" which is impervious to evasion can be devised. Therefore, in order to effectuate the purposes of the Uniform Securities Act, examination of the totality of the circumstances surrounding the transaction is required in order to determine if the investors of risk capital have, in fact, retained a realistic ability to participate in significant managerial decisions of the enterprise or if they have relinquished in practical reality, actual control of the enterprise to others. Although recognizing a strong presumption that a general partnership is not a security, the court in *Williamson v. Tucker,* 645 F.2d 404 (5th Cir.), *cert* denied, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981) suggested three nonexclusive guidelines for determining whether an interest is a security disguised as a general partnership.

> A general partnership or joint venture interest can be designated a security if the investor can establish, for example, that (1) an agreement among the parties leaves so little power in the hands of the partner or venturer that the arrange-
> ment in fact distributes power as would a limited partnership; or (2) the partner or venturer is so inexperienced and unknowledgeable in business affairs that he is incapable of intelligently exercising his partnership or venture powers; or (3) the partner or venturer is so dependent on some unique entrepreneurial or management ability of the promoter or manager that he cannot replace the manager of the enterprise or otherwise exercise meaningful partnership or venture powers.

*Id.* at 424.

▮ It follows that the trial court erred in holding that an investment in what is termed an interest in a general partnership is automatically and inescapably beyond the scope of §§ 409.301 and 409.101.

In his appellate brief, defendant asserts that in the event we reverse the dismissal of the six counts of the amended information, we should nevertheless order his discharge on these counts. He claims, for the first time, a violation of due process if he is prosecuted for a violation of §§ 409.101 and 409.301, because no Missouri court has determined a general partnership to be a security; therefore he could not be on notice that his conduct might constitute a criminal violation of the statutes.

▮ We decline to address this point. Defendant may not convert the State's appeal into his own appeal from the trial court's order which did not rule upon the issue he seeks to assert and which has not rendered him an aggrieved party. To say the least, his assertion of this point is premature.

Moreover, what we have said in this opinion is not a new or novel interpretation of the statutes. It is consistent with the decisions of Missouri courts since at least as far back as *Gales v. Weldon,* 282 S.W.2d 522, 527 (Mo.1955) wherein the defendant's contention that a "joint adventure or partnership" was not within the purview of the Securities Act was rejected, because the investors did not retain a mutual right of control over the management of the enterprise. Our opinion is also consistent with

the interpretation given these statutes by the Missouri Commissioner of Securities that "an investment contract under the law of the State of Missouri is the investment of money in a common enterprise with an expectation of profit from the significant managerial efforts of others," even though the enterprise is described as a general partnership. *In the matter of Atlantex Assoc.*, Missouri Securities Commission, C.D. 85–87 (Slip Op. December 19, 1985); *In the matter of Gentle Ridge Farm, Inc.*, Missouri Securities Commission, C.D. 85–48 (Slip Op. October 28, 1985). Nothing we have said should be construed as holding an investment contract for an interest in a true, realistic general partnership is a security. We hold only that, in determining what is and what is not an investment contract under the securities act, the language adopted by the parties is not conclusive.

The order dismissing Counts I through VI of the amended information and discharging defendant on those Counts is reversed, and the cause is remanded for further proceedings.

SMITH, P.J., and SATZ, J., concur.